**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Jerome Johnson, et al. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | CIVIL ACTION |
| | : | No. 17-2309 |
| v. | : | |
| | : | |
| NJ Transit Rail Operations, Inc., | : | |
| | : | |
| Defendant. | : | |

**January 8, 2021**                                                                                                                    **Anita B. Brody, J.**

**MEMORANDUM**

In 2017, Plaintiffs Jerome Johnson and Jermaine Jenkins filed this action against Defendant New Jersey Transit Rail Operations, Inc. ("NJTRO"), alleging violations of the Federal Rail Safety Act ("FRSA"), 49 U.S.C. § 20109. In September of 2020, Mr. Jenkins and NJTRO settled Mr. Jenkins's claim for $300,000 and NJTRO agreed to pay $130,000 in attorneys' fees and expenses. Pl.'s Pet. ¶ 17 at 5, ECF No. 97. Also in September of 2020, Mr. Johnson and NJTRO settled Mr. Johnson's claims for $1,000,000, but did not reach an agreement regarding attorneys' fees and expenses. *Id.* Thereafter, Mr. Johnson filed a petition for attorneys' fees and expenses. The Court now addresses the petition.

**I.       BACKGROUND**

Mr. Johnson seeks statutory attorneys' fees in the amount of $315,944.00 and expenses in the amount of $31,420.07 pursuant to the FRSA. *Id*. at 1. In support of his petition, he has provided a 61-page timesheet with time entries for each task conducted by his attorneys. Pl.'s Pet., Ex. B. Mr. Johnson's counsel seek a rate of $500.00 per hour for 563 hours on the FRSA claims and roughly 68.8 hours on related Eleventh Amendment issues. *See id.* ¶¶ 132-36. Mr.

Johnson's counsel utilizes the fee schedule rates established by Community Legal Services, Inc. ("CLS"). *See id.*; *see also Maldonado v. Houstoun*, 256 F.3d 181, 187-88 (3d Cir. 2001) (approving the use of the CLS schedule to fix hourly rates). NJTRO does not challenge counsel's rate of $500.00. Mr. Johnson's counsel has over 40-years of experience and the rate is commensurate with CLS's fee schedule. *See id.*

NJTRO contests the reasonableness of Mr. Johnson's counsel's specific time entries and hours worked on numerous grounds. In support of their arguments, NJTRO has provided objections to nearly every time entry in an annotated copy of counsel's timesheet. *See* Def.'s Mem. in Opp'n, Ex. B. Specifically, NJTRO argues: (1) Mr. Johnson tries to "double-dip" and seek fees incurred from the representation of Mr. Jenkins in addition to those from his own case; (2) Mr. Johnson is not entitled to any fees incurred from counsel's legislative and lobbying efforts or case work on Eleventh Amendment issues; and (3) numerous other objections that concern discovery disputes and travel time. *See id.* ¶¶ 97, 133, 106, 137 at 12, 15-16.

Mr. Johnson also seeks $31,420.07 in expenses. In support of his claim for expenses, Mr. Johnson provided an itemized list of costs for the litigation. *See* Pl.'s Pet. ¶ 138, Ex. C. NJTRO argues that: (1) Mr. Johnson attempts to claim expenses he has already received from the settlement of Mr. Jenkins's claim; and (2) that Mr. Johnson has failed to provide invoices for the expenses. Def.'s Mem. in Opp'n ¶ 138 at 16.

## II.    DISCUSSION

Mr. Johnson seeks fees and expenses pursuant to the FRSA. The FRSA provides that a successful plaintiff is entitled to "all relief necessary to make the employee whole." 49 U.S.C. § 20109(e)(1). This relief includes "litigation costs, expert witness fees, and reasonable attorney fees." 49 U.S.C. § 20109(e)(2)(C).

### A. Attorneys' Fees

"The party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This is referred to as the "lodestar." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005), *as amended* (Nov. 10, 2005). Once the petitioner submits evidence of the hours worked and the rates claimed, the burden then shifts to the party opposing the fee petition to challenge the reasonableness of the requested fee. *Rode*, 892 F.2d at 1183. "'The district court cannot decrease a fee award based on factors not raised at all by the adverse party.'" *McCutcheon v. Am.'s Servicing Co.*, 560 F.3d 143, 150 (3d Cir. 2009) (quoting *Rode*, 892 F.2d at 1183). Once an adverse party raises objections to the petition for attorneys' fees, "the district court has a great deal of discretion to adjust the fee award in light of those objections." *Rode*, 892 F.2d at 1183 (citing *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 721 (3d Cir. 1989)).

Mr. Johnson has provided evidence of the reasonable hours worked and the billing rates claimed by his attorneys. *See* Pl.'s Pet. ¶ 127-31, 136 at 33-34, Ex. B. NJTRO's objections will be addressed in turn.

1. Double Dipping

Mr. Johnson and Mr. Jenkins were both union officers for NJTRO's largest rail union. *See* Pl.'s Pet. ¶ 22 at 6. They both brought claims under the FRSA with the law firm Coffey Kaye Myers & Olley. *See* Am. Compl. ¶¶ 1, 52, 83. Mr. Johnson brought two distinct claims under the FRSA and Mr. Jenkins raised one. *See id.* Mr. Johnson's first claim under the FRSA and Mr.

Jenkins's sole claim both "arose out of the same underlying facts" and involved similar allegations of retaliation against NJTRO. Pl.'s Pet. ¶¶ 20-22 at 7.

Mr. Jenkins's sole claim was settled and counsel agreed to an award of attorneys' fees for the representation of Mr. Jenkins. *See* Pl.'s Pet. ¶ 17 at 5. Because Mr. Johnson's demand for fees includes work also applicable to the representation of Mr. Jenkins, NJTRO contends the most "equitable resolution" is to award $140,750.00 in attorneys' fees, half of Mr. Johnson's demand. Def.'s Mem. in Opp'n at 1. Yet, NJTRO provides no evidence that the attorneys' fees agreed upon for Mr. Jenkins were also intended to cover Mr. Johnsons' claims. Mr. Johnson has provided a complete account of his counsel's work on his two claims. *See* Pl.'s Pet., Ex. B. NJTRO now has the burden "to challenge the reasonableness of the requested fee." *Rode*, 892 F.2d at 1183. NJTRO has merely provided a notation on every entry on counsel's timesheet that involved Mr. Jenkins and has declared Mr. Johnson's fee should be cut in half as a result. *See* Def.'s Mem. in Opp'n, Ex. B.

NJTRO's notations are not enough to satisfy their burden. Because one of Mr. Johnsons' claims and Mr. Jenkins's sole claim share the same underlying facts, it is entirely reasonable that counsel's work would involve overlap between the two plaintiffs. Mr. Johnson even acknowledges that "some of the hours billed were applicable to both cases." Pl.'s Reply at 7, ECF No. 99. NJTRO however, provides no evidence that the settlement agreement for Mr. Jenkins meant counsel could no longer seek fees from hours worked that applied to both Mr. Johnson and Mr. Jenkins. Simply put, the existence of Mr. Jenkins's settlement does not bear on Mr. Johnson's petition for fees.

Mr. Johnson's claims "were far more extensive" than Mr. Jenkins's sole claim and yielded a much larger settlement amount. Pl.'s Reply at 7. In determining fee petitions, "the most

critical factor is the degree of success obtained." *Hensley*, 461 U.S. at 436. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.* at 435. By all measures, Mr. Johnson has obtained an "excellent" result and his counsel is entitled to the full demand for attorneys' fees regardless of Mr. Jenkins's settlement. *Id.*

    2. Eleventh Amendment Work

NJTRO contends that Mr. Johnson should not recover fees incurred from counsel's legislative work and intervention in Eleventh Amendment cases. *See* Def.'s Mem. in Opp'n at 2. Early in the litigation, NJTRO raised a defense of Eleventh Amendment immunity. *See* Pl.'s Pet. ¶ 12 at 4. In response, Mr. Johnson's counsel pursued a multi-faceted strategy that involved legislative efforts and intervention in other Eleventh Amendment cases in order to change the prevailing immunity law in transit cases. *See* Pl.'s Reply at 3. Counsel's efforts culminated in the passing of the New Jersey Transit Employee Protection Act. *Id. at 5.* The act prohibits the defense of sovereign immunity in cases involving NJTRO and allowed Mr. Johnson's case to move forward. *Id.* at 5-6.

Counsel may petition for fees for work that is "useful and the type ordinarily necessary to secure the final results obtained." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 560-61 (1986). In *Delaware Valley*, the Supreme Court determined that "useful" work includes hours that "did not occur in the context of traditional judicial litigation." *Id.* (holding counsel could include time spent on regulatory work in fee petition pursuant to the Clean Air Act). Mr. Johnson has articulated the importance of counsel's legislative work and intervention in Eleventh Amendment cases to his lawsuit. Without this work, Mr. Johnson's lawsuit might not have gone forward. Therefore, Mr. Johnson's counsel is entitled to recover fees for the Eleventh Amendment work.

3. Other Objections

NJTRO raises numerous other objections to Mr. Johnson's fee petition, including contentions over recovery for discovery disputes and travel time. *See* Def.'s Mem. in Opp'n at 10, 13-14. Critically, fee petitions "should not result in a second major litigation." *Hensley*, 461 U.S. at 437. Again, counsel has obtained an "excellent" result for Mr. Johnson in the form of a $1,000,000 settlement. *Id.* Mr. Johnson requests $315,944.00 or roughly 32-percent of the total settlement figure. Pl.'s Reply at 9. This request is entirely reasonable and Mr. Johnson is entitled to his full demand for attorneys' fees.

**B. Expenses**

Mr. Johnson also seeks $31,420.07 in expenses and has provided an itemized list of costs for the litigation. *See* Pl.'s Pet. ¶ 138, Ex. C. NJTRO argues that Mr. Johnson attempts to claim expenses he has already received from the settlement of Mr. Jenkins's claim. Def.'s Mem. in Opp'n ¶ 138 at 16. NJTRO further contends Mr. Johnson should produce invoices related to the expenses. *Id.* ¶ 137-138 at 16. In response to NJTRO, counsel for Mr. Johnson described the process for calculating expenses. Pl.'s Reply at 7. "When an expense was related to both plaintiffs, the Petitioner's bookkeeper assigned one-half the cost to each file. Where an expense only related to Mr. Johnson's case, the entire cost was only assigned to his file. . .There is no overlapping of expenses and no 'double-dipping.'" *Id.*

The FRSA permits the recovery of "litigation costs." 49 U.S.C. § 20109(e)(2)(C). After review of the itemized list and counsel's description of the expense calculation process, the evidence provided is sufficient. Pursuant to the FRSA, the expenses requested are reasonable and part of the "necessary relief" to make Mr. Johnson "whole." 49 U.S.C. § 20109(e)(1). Therefore, Mr. Johnson is entitled to $31,420.07 in expenses.

### III.     CONCLUSION

For the reasons outlined above, Mr. Johnson's petition for attorneys' fees and expenses is granted. I will award Mr. Johnson $315,944.00 in fees and $31,420.07 in expenses.

_s/ANITA B. BRODY, J._
ANITA B. BRODY, J.

Copies **VIA ECF**